Joseph ROY

v.

Stuart VERCHEREAU, James Hennessey, Thomas D. Ball, each individually and in their official capacities, and State of Vermont Department of Employment and Training.

Civ. A. No. 84–322.

United States District Court, D. Vermont.

Oct. 11, 1985.

Douglas S. Moore, Brownell & Moeser, Norwich, Vt., for plaintiff.

Geoffrey Yudien, Civ. Law Div., Montpelier, Vt., for defendants.

## OPINION AND ORDER

BILLINGS, District Judge.

On August 1, 1985, defendants filed with this Court a motion asking this Court to abstain from hearing this case pending state court action. Plaintiff opposed the motion. On September 18, 1985, the Court heard oral arguments. For the reasons recited below the motion is GRANTED. The Court stays this action pending resolution of *Grievance of Joe Roy*, Docket No. 83–400, (Vt. filed August 10, 1983).

## FACTS

Plaintiff worked as a job counselor for the Vermont Department of Employment and Training from June, 1977 to February, 1982. During the last year and a half of his employment he served as an alternate on the union bargaining team for the Vermont State Employees' Association. Soon after he started his duties with the union, plaintiff alleges that his employer commenced various tactics to force him to refrain from these activities. Complaint, ¶ 12. Plaintiff alleges, *inter alia*, that because of his union involvement he was subject to surreptitious reviews and placed on probation.

On April 19, 1982, the Vermont State Employees' Association filed a grievance on plaintiff's behalf. After reviewing the case the Vermont Labor Relations Board dismissed the grievance stating that, notwithstanding anti-union feelings of his supervisors, sufficient legitimate reasons for citing performance deficiencies of plaintiff existed. Plaintiff has appealed the Labor Board's decision to the Vermont Supreme Court.

Subsequent to his appeal to the Vermont Supreme Court, plaintiff filed this case alleging that defendants denied him his 1st and 14th Amendment rights of free speech and free association and also violated 42 U.S.C. § 1983. Plaintiff seeks a correction of his employment evaluation file, an advanced pay grade to 14 retroactive to December, 1981 with back pay and normal promotions valued at $150,000, punitive damages of $500,000 and costs and attorney's fees.

## DISCUSSION

■ Federal courts must exercise jurisdiction unless an exception clearly holds against it. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) ("wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them"). Defendants argue that the likelihood of the federal claim being rendered moot by the state court decision, the waste of judicial resources with two forums hearing the case and the existence of judicial review by the Vermont Supreme Court weigh for this Court's abstention. Memo of defendants dated July 31, 1985 at pp. 3–4.

Plaintiff objects to the motion on grounds that the case is so far along in federal court that few resources will be

saved by abstaining and that abstention would force plaintiff to wait until the Vermont Supreme Court hears the matter next spring. Memo of plaintiff dated August 13, 1985, at pp. 1–2. Also, plaintiff contends that the Court should not abstain because this case does not fall within any of the narrowly defined exceptions to federal jurisdiction. Memo of plaintiff dated September 18, 1985, at p. 3. Plaintiff argues that the review of this matter by the Vermont Supreme Court on specific grievance issues does not equate with the review provided by this forum.

A recent decision by Judge Leisure of the Southern District of New York competently surveyed the abstention doctrine. *Canaday v. Koch*, 608 F.Supp. 1460 (S.D. N.Y.1985) *aff'd*, 768 F.2d 501 (2d Cir.1985). He discussed in detail two traditional abstention grounds and the recently expounded "wise judicial administration" exception set forth in *Colorado River*. *Id.* at 1466–1473. Defendants in this case have focused on the *Colorado River* exception to persuade the Court to stay the federal proceeding until the state court has heard the appeal.

The *Colorado River* case involved the review system for adjudicating water rights in the State of Colorado. The United States government brought suit in federal court challenging its water rights against some 1000 water users. One of the defendants brought suit in state court pursuant to Colorado's review system and subsequently the federal court abstained from hearing the case. After the court of appeals reversed the federal district court's decision to abstain, the Supreme Court held that the case did not meet any of the recognized abstention exceptions but found that wise judicial administration weighed against the federal court hearing the proceeding.

The *Colorado River* court discussed four factors that the district court should consider when deciding whether to abstain: (1) whether either court has assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation, and (4) the order in which the courts obtained jurisdiction.

424 U.S. at 818 [96 S.Ct. at 1246]. *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655 [98 S.Ct. 2552, 57 L.Ed.2d 504] (1978) added a fifth factor: whether federal or state law provides the substantive rule to determine the merits. *Id.* at 667 [98 S.Ct. at 2559] (Blackmun, J. concurring). *Arkwright-Boston Manufacturers Mutual Insurance Company v. The City of New York*, 762 F.2d 205, 210 (2d Cir.1985).

Here, there is no real property and no inconvenience of the federal forum. But, the case does present the issue of piecemeal litigation. If the Court decided this case it could result in a flow of labor cases to federal court thereby creating a multiplicity of forums for state labor disputes. Since plaintiff filed first in state court this fact weighs for abstention, although the order of the filing is not controlling. *Moses H. Cone Hospital v. Mercury Constr. Corp.* 460 U.S. 1, 21, 103 S.Ct. 927, 939–940, 74 L.Ed.2d 765 (1982). The Constitution furnishes the substantive rule determining the merits, but Vermont law also plays a critical role.

At oral argument plaintiffs argued that the most recent discussion of *Colorado River* in *Moses Cone* requires this Court to avoid staying this proceeding. In particular plaintiff points out that in *Moses Cone* the Supreme Court focused on the lack of a sufficient forum in state court to hear all claims. The plaintiff fails to recognize that even without a federal forum, plaintiff, if successful on his appeal, could bring a second state claim of general jurisdiction thus providing the state court with the opportunity to hear all of his claims. *West v. Village of Morrisville*, 728 F.2d 130, 135 n. 5 (2d Cir.1984) (Oakes, J.) ("Appellant is also free, of course, to let the state court determine all of the issues in the case if she so chooses.")

Plaintiff contends that *Giardina v. Fontana*, 733 F.2d 1047 (2d Cir.1984), is controlling. Memo of plaintiff dated September 18, 1985 at p. 2. In *Giardina*, the district court abstained and the court of appeals reversed the abstention. The case concerned plaintiff's claim that an assign-

ment by a daughter of her interest in her father's estate to her mother was obtained by undue influence and fraud. The district court abstained on grounds that the claim related directly to state probate court jurisdiction. The court of appeals reversed stating the claim was a "garden variety type in federal diversity jurisdiction." *Id.* at 1051. The case at bar is neither a diversity claim nor a "garden variety" type and therefore *Giardina* does not control.

■ In addition to the *Colorado River* exception, other grounds call for the Court to avoid hearing the case. Abstention is "appropriate where there have been presented difficult questions of state law bearing on problems of substantial public import whose importance transcends the result in the case at bar." *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). The Supreme Court in *Burford* looked beyond the specific case to the potentially disruptive effect on state efforts to establish a coherent policy. *Burford v. Sun Oil Co.,* 319 U.S. 315, 327, 63 S.Ct. 1098, 1104, 87 L.Ed. 1424 (1943) (Supreme Court abstained from deciding suit to enjoin execution of order of State Railroad Commission of Texas.)

■ In applying the *Burford* exception, a court must consider factors such as the local nature of the issue, the importance of the issue to the state and the state's system to resolve the issue. *Canaday,* 608 F.Supp. at 1469. Regulation of labor grievances presents a classic example of a local affair in which federal intervention is inappropriate. *Alabama Pub. Serv. Comm'n v. Southern Ry. Co.,* 341 U.S. 341, 349, 71 S.Ct. 762, 768, 95 L.Ed. 1002 (1951) (Supreme Court abstained from hearing case

involving regulation of intrastate trains). "Interference can take the form of enjoining the state proceedings, or superseding those proceedings": the latter is the case at bar. *Price v. Rust,* 527 F.Supp. 569, 572 (D.Ct.1981) (abstention recognized where federal adjudication interfered with state proceedings). Obviously, the State of Vermont seeks to develop a consistent labor policy, and benefits from having a standard review process. 3 V.S.A. § 901.[1] In this regard, the State of Vermont has enacted a specific system of judicial review for labor grievances. 3 V.S.A. § 1003.[2]

For the foregoing reasons the Court abstains from hearing the claims of plaintiff. His claims are so tied to his appeal to the Vermont Supreme Court that it would not be proper for this Court to upstage such an experienced court in state labor matters. The fact plaintiff has presented federal constitutional issues does not prevent this Court from abstaining. *Colorado River,* 424 U.S. at 815 n. 21, 96 S.Ct. at 1245 n. 21. But, recognizing the limited review of plaintiff's appeal by the Vermont Supreme Court the Court stays this action pending the outcome of the state action.

SO ORDERED.

---

1. 3 V.S.A. § 901 (Supp.1985) reads: "It is the purpose and policy of this chapter to prescribe the legitimate rights of both state employees and the state of Vermont and of Vermont state colleges in their relations with each other, to provide orderly and peaceful procedures for preventing the interference by either with the legitimate rights of the other, to protect the rights of individual employees in their relations with labor organizations, to define and proscribe prac-

tices on the part of labor, the state of Vermont and Vermont state colleges which are harmful to the general welfare, and to protect the rights of the public in connection with labor disputes."

2. 3 V.S.A. § 1003 (Supp.1985) reads: "Any person aggrieved by an order or decision of the board issued under the authority of this chapter may appeal on questions of law to the supreme court."