JARBLUM, SOLOMON & FORNARI, P.C., Plaintiff,

v.

William WADSWORTH, et al., Defendants.

No. 87 Civ. 1988 (WCC).

United States District Court, S.D. New York.

Sept. 17, 1987.

---

Jarblum, Solomon & Fornari, P.C., New York City, pro se; Richard M. Zuckerman, Peter M. Levine, of counsel.

Fay & Lunt, Wallingford, Conn., for defendants; Donald C. Lunt, of counsel.

WILLIAM C. CONNER, District Judge.

Defendants William F. Wadsworth, Inc., *et al.*, have moved to dismiss this action or, in the alternative, to stay proceedings until an identical action pending in the Superior Court of the State of Connecticut has been resolved. For the reasons outlined below, the motion is denied.

*Background*

In this action, the law firm of Jarblum, Solomon & Fornari ("JSF") seeks to recover $104,234 in legal fees due as a result of JSF's representation of limited partners of Broken Arrow Investors, Ltd. ("Broken Arrow"), a real estate limited partnership. For purposes of the motion to dismiss, the facts alleged in the complaint are taken as true.

According to the complaint and the affidavits accompanying plaintiff's submissions to this Court, the investments by the limited partners in Broken Arrow were made partly in cash, with the remainder in promissory notes payable to Broken Arrow. The notes were pledged by Broken Arrow as collateral for a loan, which was secured by a financial guarantee bond from National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). Before issuing that bond, National Union insisted that the limited partners execute indemnification agreements, which provided for the indemnification of National Union for any sums it paid on the notes. Those agreements also provided that the venue of any indemnification action brought by National Union would be in New York. The limited partners paid the first installment on their notes but refused to pay any other installments, which were subsequently paid by National Union. National Union, seeking indemnification, commenced litigation against the limited partners in November 1985. Five of those actions were brought in the United States District Court for the Southern District of New York and nineteen in the Supreme Court of the State of New York ("Note Cases").

In February 1986, JSF was retained by Mr. Wadsworth, individually and on behalf of all the other limited partners, (1) to defend the limited partners in the 24 Note Cases brought by National Union, and (2) to file and prosecute a securities fraud action (the "Wadsworth Case") in the Southern District of New York (*Wadsworth v. Sunderman*, 86 Civ. 4220 (S.D.N.Y.)).

Mr. Wadsworth established a fund from contributions made by the limited partners for the payment of JSF's legal fees for services rendered in the Note Cases and in the Wadsworth Case. That fund was begun and is maintained in Connecticut. For the first several months of the representation, Mr. Wadsworth on behalf of the limited partners, paid JSF's fees, which were based on its regular hourly charges.

According to plaintiff, in February 1987, Mr. Wadsworth, as agent for the limited partners, refused to pay JSF's fees. He gave no reason for the refusal; indeed, until then he had repeatedly expressed satisfaction with the services rendered. On March 20, 1987, JSF ended its representation of the limited partners in the Wadsworth Case and federal Note Cases pursuant to an order of the court, and in the state Note Cases pursuant to stipulations of substitution.

JSF commenced this action on March 25, 1987 in the Southern District of New York because this is the only forum having personal jurisdiction over all of the limited partners. The limited partners live in four states—Massachusetts, Maine, Connecticut, and Arizona—and therefore are not subject to jurisdiction in a single forum based on their residence. Since the limited partners retained JSF in New York to perform legal services in New York, however, they are subject to personal jurisdiction here, under the New York CPLR 302(a).

On March 23, 1987, the same day JSF sent the summons and complaint in this

action to the Clerk of this Court,[1] JSF commenced an action in the Superior Court of Connecticut by obtaining an *ex parte* order of attachment against, *inter alia,* the fund that had been established to pay JSF's fee. JSF sought the attachment of that fund to assure itself of the satisfaction of any judgment obtained against the limited partners in the federal action. After Mr. Wadsworth had refused to pay JSF's fee, he allegedly stated that he would dissipate the fund and place it out of JSF's reach. JSF claims, therefore, that it had no choice but to attach the fund. Though this Court could have issued an order of attachment against Mr. Wadsworth, who is subject to the jurisdiction of this Court, this Court could not have issued an order of attachment against the third-party Connecticut bank holding the fund. Accordingly, plaintiff brought a separate action in Connecticut state court.

*Discussion*

A federal court has an unswerving duty to exercise jurisdiction over cases properly brought before it. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). A district court may abstain from exercising its authority when a state forum has concurrent jurisdiction, and when "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," counsels such abstention. *Id.* 424 U.S. at 817, 96 S.Ct. at 1246 *quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). The *Colorado River* court discussed four factors that the district court should consider when deciding whether to abstain: (1) whether either court has assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation, and (4) the order in which the courts obtained jurisdiction. *Id.* 424 U.S.

at 818, 96 S.Ct. at 1246–1247. In *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), the Court added a fifth factor: whether federal or state law provides the substantive rule to determine the merits.

Before determining that dismissal is warranted because of exceptional circumstances there must be a careful balancing of the applicable factors, with the scale weighted in favor of jurisdiction, *Moses Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). The decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Id.* at 16, 103 S.Ct. at 937. With these principles in mind, it is clear that the Court must exercise jurisdiction in this case despite the pendency of a similar action in Connecticut. The arguments advanced by the Wadsworth defendants fail to provide "the clearest of justifications" to warrant the abdication of this Court's "virtually unflagging obligation" to exercise its jurisdiction. *Colorado River, supra,* 424 U.S. at 817, 96 S.Ct. at 1246.

While it is true that the Connecticut state court has assumed jurisdiction over a bank account involved in this case, this controversy between JSF and the limited partners should be resolved in New York for many reasons. First, one of the crucial factors in determining whether a federal court should exercise jurisdiction or defer to a state court proceeding is an evaluation of which alternative will lead to the avoidance of piecemeal litigation. In this case, the defendants had retained JSF to represent them in New York after they had been sued in New York, where they had consented to be sued. New York is the only forum in which the plaintiff may obtain jurisdiction over all of the defendants. If the case is not tried here, the plaintiff will have to proceed with many separate lawsuits in

---

1. According to the motion papers submitted by JSF to the Court, on March 23, 1987 JSF sent, by American Clerical Service, the summons, the complaint, and the civil cover sheet to the Clerk of the Southern District of New York. The Clerk, however, mistook a paper bearing an original signature written in black ink as a photocopy and thus refused to accept the papers for filing. American Clerical Service returned the papers to JSF on March 24. The action was then filed on March 25.

various states in order to attempt to obtain full relief.

The Wadsworth defendants place a great deal of emphasis on the attachment order obtained by JSF in Connecticut, but ignore the narrow reason that JSF went to Connecticut to obtain that order. Accordingly, it obtained an order of attachment to assure itself of the satisfaction of any judgment it obtained against the limited partners in New York. JSF sought the attachment in Connecticut, rather than in New York because, although a New York court would have jurisdiction over Mr. Wadsworth, it lacks jurisdiction over the third party garnishee.

In *Giardina v. Fontana*, 733 F.2d 1047 (2d Cir.1984), the plaintiff filed a federal action in the Southern District of New York. She also filed a state court action in Florida so that she would have a forum in which to litigate a New York common law tort action should the federal courts in New York decide that her federal action in New York should be dismissed. The defendant cited the pendency of that Florida case in support of his argument that the federal action should be stayed. The Second Circuit rejected that argument, calling the federal plaintiff's decision to file the state case a "prudent step." *Id.* 733 F.2d at 1052; *See also Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir.1986). In the instant case, it appears that it was a prudent step for plaintiff to file the Connecticut state court action so that it would have funds from which to collect a judgment if it succeeds on the merits of its claim. The filing of that contemporaneous state court action does not require that this Court abdicate its "virtually unflagging obligation" to exercise its jurisdiction. *Colorado River, supra,* 424 U.S. at 817, 96 S.Ct. at 1246. Indeed, if this Court were to decline to exercise its jurisdiction here, it would essentially be penalizing the plaintiff for seeking to protect itself in the only forum where it could.

Further, defendants' argument that the applicability of state contract law in general mandates a stay of a federal action does not apply given the facts of this case. State law issues weigh in favor of the surrender of jurisdiction only in "rare circumstances," *Mercury Construction, supra,* 460 U.S. at 26, 103 S.Ct. at 942, such as when an intricate state regulatory scheme is at issue, and it is more appropriate for the courts of that state to decide the issue. In the present case, it is undisputed that the law of New York, not the law of Connecticut, will supply the rule of decision. See Affidavit of Richard M. Zuckerman at paragraphs 2, 3. It is clear that this Court has as much experience, if not more, than a Connecticut state court in resolving issues regarding New York contract law. Accordingly, since this case involves issues of New York, and not Connecticut, state law, there is no reason for this Court to abdicate its obligation to exercise jurisdiction due to the pendency of a similar action in Connecticut.

Finally, defendants' contention that this forum is inconvenient is not sufficiently compelling to tip the balance in favor of staying or dismissing the federal action. The defendants identify two Connecticut witnesses and assert that the convenience of those witnesses warrants deferring to the Connecticut action. However, according to plaintiff's moving papers, one of those witnesses—Anthony Fitzgerald—has stated his willingness to testify at trial in New York. The convenience of the Connecticut court to the second witness is not a sufficiently important factor, in light of the other circumstances surrounding this case, to warrant a dismissal or stay of the federal action.

*Conclusion*

For the reasons outlined above, defendants' motion to dismiss or stay the proceedings is denied.

So ordered.