**Sheryl L. VIZVARY, Pro Se,**

v.

**Francis C. VIGNATI, Esq., Burton A. Greenspan, Esq., Kenyon, Bonee & Greenspan, Thomas C. Austin, Jr., Esq., Gilman & Marks, Joseph A. Martino, Jr.**

**Civ. A. No. 89–0551B.**

United States District Court, D. Rhode Island.

June 15, 1990.

Sheryl L. Vizvary, pro se, Providence, R.I.

John W. Kershaw, Joseph V. Cavanagh, Michael DiBiase, Blish & Cavanagh, Providence, R.I., for Francis C. Vignati.

Henry S. Cohn, Asst. Atty. Gen., Hartford, Conn.

Joseph V. Cavanagh, Jr., Blish & Cavanagh, Providence, R.I., for Burton A. Greenspan.

Michael J. Colucci, Olenn & Penza, Warwick, R.I., for Thomas C. Austin, Jr. and Gilman & Marks.

Terrance N. Turner, Smithfield, R.I., for Joseph A. Martino, Jr.

## FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant matters have been referred to the United States Magistrate for Findings and Recommendation pursuant to 28 U.S.C. Section 636. All four defendants, Francis C. Vignati (Vignati), Thomas Austin (Austin), Joseph Martino (Martino), and Burton A. Greenspan (Greenspan) have moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed.R. Civ.P. 12(b)(2). In addition, Vignati has moved to dismiss for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Defendants Austin and Martino have moved for Rule 11 sanctions. Plaintiff has moved to disqualify counsel for defendant Greenspan.

### Statement of Facts

Vizvary, a resident of Rhode Island, is the daughter of Nicholas A. Martino, deceased May 18, 1984. She claims that defendants formed a conspiracy to defraud her of portions of her father's estate and that they have abused the legal process regarding the ongoing estate proceedings in Connecticut. Defendants are all residents of Connecticut. They have served in administrative capacities to the estate, except Vignati, the part-time probate judge who has handled the Connecticut proceedings. Defendants allegedly have sufficient contacts with Rhode Island to subject them to suit in this Court. Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1332.

Vizvary alleges that Martino, her uncle, fraudulently filed documents with the Probate Court to achieve his appointment as administrator to the estate. She also avers that Vignati violated Connecticut probate law by making this appointment. Vizvary further claims that Vignati has committed procedural abuses in his capacity as probate judge. She alleges that defendant Austin, attorney for the estate, wasted estate assets and filed false claims against the estate. Greenspan, the successor administrator of the estate, is averred to have willfully misled plaintiff concerning probate laws, harassed plaintiff, and filed false tax information with the State of Connecticut. Finally, plaintiff claims that all defendants had an implied understanding to defraud her.

Vizvary has filed claims for deprivation of due process and equal protection under the United States Constitution for denial by conspiracy of constitutional rights, claims for harassment, extortion, and fraud, and for deprivation of civil rights in violation of 42 U.S.C. Section 1983, including conspiracy, misuse of the legal process, and disciplinary rule violations arising out of the Martino estate proceedings.

### Discussion

■ The question of this Court's jurisdiction may be raised at any time by any party, or by the Court itself pursuant to Fed.R.Civ.P. 12(h)(3). *Lopez v. Arraras,* 606 F.2d 347 (1st Cir.1979); *Mansfield, Coldwater & Lake Michigan Railway v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884); C. Wright, *Handbook of the Law of Federal Courts* 18 (3d ed. 1976). Upon consideration, *sua sponte,* I recognize that the complaint fails to allege the essential ingredients for subject matter jurisdiction. My reasons are as follows.

The instant action, when reduced to its essence, is a challenge to proceedings in the East Hartford Probate Court, which began in 1984. The United States Supreme Court has long recognized the non-justiciability of probate matters in the federal courts. In 1946, the Court said:

It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789 and Section 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters ... *Markham v. Allen*, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946).

Numerous federal courts have refused to exercise jurisdiction over cases involving probate matters. In *Kittredge v. Stevens*, 126 F.2d 263 (1st Cir.1942), the Court held there was no authority for the position that a federal court has jurisdiction over a case which would involve an examination of the general administration of an estate by a state probate court. Where an action against an executor sought damages for mishandling of assets of a decedent's estate, it was held that the federal court had no jurisdiction because there had been no final accounting in the state probate court. *Starr v. Rupp*, 421 F.2d 999 (6th Cir.1970).

In *Giardina v. Fontana*, 733 F.2d 1047 (2d Cir.1984), a plaintiff heir brought an action against the representative of her father's estate, claiming that she was a victim of fraud and undue influence. The Second Circuit acknowledged that the states have a strong interest and special competence in handling estates. "It can be argued that this interest and competence extends to the entire proceedings concerning an estate, including intertwined issues and claims, even though the latter technically could be severed and decided by a federal court." *Id.* at 1052. The *Giardina* court ultimately concluded that the district court erred in declining jurisdiction, noting that the plaintiff had unsuccessfully pursued her claims in the state probate court and that no proceedings were pending in the probate court at the time of plaintiff's action in federal court.

In the instant action, plaintiff would have this Court become involved in probate matters which are unsettled in the East Hartford Probate Court. Even if personal jurisdiction over the defendants can be found, the case law discussed herein demonstrates the reluctance of federal courts to take jurisdiction of ongoing probate matters.

In asserting federal question jurisdiction, plaintiff attempts to clothe her claims in a constitutional fashion. Similarly, plaintiffs in *Ciaffoni v. Supreme Court of Pennsylvania*, 550 F.Supp. 1246 (D.Pa.1982), *aff'd. without op.*, 723 F.2d 896, instituted a civil action alleging a deprivation of due process and equal protection predicated on the Fourteenth Amendment and 42 U.S.C. Section 1983. There the underlying dispute was a will contest. Plaintiffs in *Ciaffoni* claimed they were denied a fair trial due to conflicts of interest, irregularities, and bias involving members of the state judiciary and state bar. In holding that abstention was required, the District Court acknowledged that federal courts have jurisdiction over claims that state judicial proceedings have resulted in deprivations of federal constitutional rights, but that the timing is important when significant state interests are involved. *Id.* at 1250. Further, abstention was required because state proceedings were ongoing and there was an adequate opportunity for plaintiffs to raise constitutional challenges at the state level. *Id.* at 1251.

In view of the abstention doctrine applied to probate matters involving constitutional claims, and the probate exception to diversity jurisdiction discussed above, this Court should decline jurisdiction of the present action. Because administration of the Martino estate is still in dispute in the state probate court, plaintiff has prematurely attempted to invoke federal jurisdiction.

Accordingly, I find that this case should be dismissed for want of federal subject matter jurisdiction, Rule 12(h)(3) Fed.R. Civ.P. Given the dispositive nature of my findings, I do not reach the remaining

questions of *in personam* jurisdiction, venue, and claim sufficiency.

*Defendants' Motion for Rule 11 Sanctions*

Austin and Martino urge the imposition of sanctions against plaintiff pursuant to Fed.R.Civ.P. 11. Rule 11 requires, *inter alia*, the signing of a complaint; the signature:

> ... constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed.R.Civ.P. 11.

For a violation of this rule, the Court shall impose "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." *Id.*

■ The standard for determining whether a violation of Rule 11 has occurred is whether a competent attorney (or party), after appropriate investigation, would have reasonably believed that the claim was well grounded in fact and law. *See Kale v. Combined Insurance Co. of North America*, 861 F.2d 746, 758 (1st Cir.1988); Fed.R.Civ.P. 11 Advisory Committee Notes. Because a plaintiff appears *pro se* does not render him immune from Rule 11. However, the Advisory Committee wrote:

> Amended rule 11 continues to apply to anyone who signs a pleading, motion, or other paper. Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The rules of law precluding the exercise of federal jurisdiction over most probate matters are long-standing. However, the objective standard to be applied regarding Rule 11 asks what a reasonable person in the *pro se* litigant's position would have done. *See Bacon v. American Fed'n. of State, County and Mun. Employees Council No. 13*, 795 F.2d 33 (7th Cir.1986). Arguments that a lawyer should or would recognize as groundless may not seem so to the *pro se* litigant. *See Reis v. Morrison*, 807 F.2d 112 (7th Cir.1986).

■ In the First Circuit, sanctions have been imposed in *pro se* frivolous appeals, *Sullivan v. United States*, 788 F.2d 813 (1st Cir.1986); *Eicher v. United States*, 774 F.2d 27 (1st Cir.1985). They have also been imposed in case where the court has warned a plaintiff not to continue a claim and the warning has not been heeded, *Lefebvre v. C.I.R.*, 830 F.2d 417 (1st Cir.1987). In the instant action, plaintiff is neither making an appeal nor continuing an action in the face of a warning handed down by the court. Applying the standard of what a reasonable *pro se* litigant would do, I find that Rule 11 sanctions are not warranted.

■ A Magistrate's Findings and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Report must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Report. Rule 32, Local Rules of Court, Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the Magistrate's Report, findings, or recommendations is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *U.S. v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986).

■ A review of the Magistrate's Report by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir.1988).

*Recommendation*

This matter should be dismissed because of lack of jurisdiction over the subject matter pursuant to Fed.R.Civ.P. 12(b)(1). I so recommend to the Court.