428

Mohammad A. CHOUDHARY

v.

STATE OF VERMONT, DEPARTMENT OF PUBLIC SERVICE, State of Vermont, Department of Personnel, George Sterzinger, Louise McCarren, Richard Sedano and Carol Martin.

No. 2:91–CV–294.

United States District Court,
D. Vermont.

March 5, 1993.

Mohammad A. Choudhary, Williston, .VT, pro se.

Geoffrey A. Yudien, and Frank M. Seibert, Asst. Attys. Gen., Vermont Attorney General's Office, Montpelier, VT, for defendants.

OPINION AND ORDER

PARKER, Chief Judge.

Defendant Vermont Department of Public Service ("DPS") has filed a motion to dismiss this action. Defendant's present motion resurrects a portion of it's previous motion to dismiss which was denied in part and granted in part in an Opinion and Order of this Court.[1] Subsequent to that Opinion and Order, the Vermont Supreme Court issued an order reinstating an action identical to this one and filed three days prior in Chittenden Superior Court. Defendant now claims that reinstatement of the Superior Court action warrants dismissal of the plaintiff's federal action under the abstention doctrine of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Plaintiff opposes the motion and has moved for rule 11 sanctions against the defendant's attorneys.

*Discussion*

For purposes of this opinion, I will assume familiarity with the underlying facts and claims in this case and will address only those pertinent to this decision. On October 8, 1991, plaintiff filed suit in Chittenden Superior Court alleging discrimination by DPS. *Choudhary v. Department of Public Service,* docket no. S1872–91CnC. Three days later, he filed an identical action in this court. Plaintiff also filed four grievances with the Vermont Labor Relations Board ("VLRB").[2]

1. Defendant's original motion to dismiss claimed that the plaintiff had initiated his suit without the requisite right-to-sue letter from the Equal Employment Opportunity Commission or that this Court should abstain pending resolution of similar suits in state forums. In addition, DPS requested that if the Court declined to dismiss on these grounds, it dismiss the plaintiff's state law claims with the exception of those brought pursuant to 21 V.S.A. §§ 473 and 495. Magistrate Judge Niedermeier's Report and Recommenda-

tion (Paper # 41) recommended that only plaintiff's state law claims excluding his 21 V.S.A. §§ 473 and 495 ones be dismissed. I adopted this recommendation in an Opinion and Order. (Paper # 46).

2. Those grievances have been fully litigated and a decision is pending. Decisions of the VLRB are directly appealable to the Vermont Supreme Court. 3 V.S.A. § 1003.

At the time defendant's first motion to dismiss was heard by the Magistrate Judge, the Superior Court had dismissed the action there.[3] In recommending that this Court not dismiss plaintiff's action under the *Colorado River* abstention doctrine, the Magistrate considered the five factors established by *Colorado River* and its progeny: (1) whether either court has assumed jurisdiction over the property involved in the suit; (2) the convenience of the federal forum; (3) whether piecemeal litigation can be avoided; (4) the order in which the courts took jurisdiction; and (5) whether federal or state law provides the substantive rule of decision on the merits. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1247; *Arkwright–Boston Manufacturing Mutual Ins. Co. v. the City of New York*, 762 F.2d 205, 210 (2d Cir.1985). No single factor is determinative. *Id.*

Applying these factors, the Magistrate Judge, distinguishing this case from *Roy v. Verchereau*, 619 F.Supp. 1323 (D.Vt.1985), where this Court abstained from an action involving Vermont labor law and a § 1983 claim, wrote:

> A primary issue, however, is whether abstention is appropriate to avoid piecemeal litigation. In *Roy*, the plaintiff had suits before the VLRB and the Vermont Superior Court. 619 F.Supp. at 1324. The VLRB had decided against plaintiff and the decision was on appeal to the Vermont Supreme Court. *Id.* Unlike the facts in *Roy*, the Vermont Superior Court has abstained from hearing Mr. Choudhary's action while his claims are heard here and at the VLRB. Although the action is "still alive" in Vermont courts because the decision to abstain is on appeal, it is nonetheless significant that the Superior Court chose to abstain, leaving Mr. Choudhary without access to fact-finding by a judicial officer. Because the Superior Court abstained, this court becomes the one court to assume jurisdiction. Consequently,

there is little danger that Mr. Choudhary's case will be decided piecemeal.

Magistrate Judge's Report and Recommendation (Paper # 41). The Magistrate Judge concluded that abstention under *Colorado River* was unwarranted and this Court adopted that recommendation.

However, in light of the Vermont Supreme Court's recent order reinstating plaintiff's action in Chittenden Superior Court, *Choudhary v. Department of Public Service, et al.*, 623 A.2d 41 (Vt.1993), the distinction between *Roy* and this case no longer applies. As the action now stands, the plaintiff has suits pending before the Vermont Labor Relations Board, the Chittenden Superior Court and this Court. The likelihood of piecemeal litigation is especially great since only plaintiff's federal claims and those state law claims based on 21 V.S.A. §§ 473 and 495 remain before this Court, while all of plaintiff's state and federal claims remain before the Superior Court.

In addition, the undisputed fact that the Superior Court exercised jurisdiction over plaintiff's claims prior to this Court doing so strongly supports abstention by this Court under *Colorado River*.

Moreover, a good deal of time and resources have already been expended in presenting plaintiff's claims to the VLRB,[4] claims the Magistrate Judge found substantially similar to those in the Superior Court and this Court. Plaintiff is entitled to appeal any decision of the VLRB directly to the Vermont Supreme Court. Should the plaintiff exercise his prerogative to do so, the decision in *Roy* is directly on point and this Court should abstain because:

> [The plaintiff's] claims are so tied to his appeal to the Vermont Supreme Court that it would not be proper for this Court to upstage such an experienced court in state labor matters. The fact that plaintiff presented federal constitutional issues does

---

**3.** Defendant asserted four grounds to support its motion to dismiss in the Superior Court: (1) the pending claims before the Vermont Labor Relations Board; (2) failure to exhaust administrative remedies; (3) sovereign immunity; and (4) the absence of private rights of action.

**4.** It took thirteen days to litigate this matter in front of the VLRB and as mentioned previously a decision is expected shortly.

**430**

not prevent this Court from abstaining. (Citations omitted).

*Roy,* 619 F.Supp. at 1326.   Should plaintiff decide not to appeal the VLRB decision to the Vermont Supreme Court he will still be entitled to access to a judicial forum and fact-finder via his reinstated action in the Superior Court.

As a result of the reinstatement of the Superior Court action by the Vermont Supreme Court, I now find that abstention under *Colorado River* is appropriate.   Although this case has been in the courts for more than eighteen months, the parties are still relatively early into the litigation in this forum, as a discovery schedule has just been set and the case is not to be ready for trial until July.   As such the parties should not be prejudiced by this Court's deferral to the Chittenden Superior Court's jurisdiction over this matter.   Defendant's Motion to Dismiss is GRANTED (Paper # 54 in Court's docket).