McInerney, et al. v. Heneghan, et al. CV-93-404-B  01/06/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Margaret P. McInerney, et al.

v.                                                 Civil No. 93-404-B

Jarlath M. Heneghan, Legatee and
   Executor of the Estate of Margaret
   T. Legeas, et al

**O R D E R**

Plaintiffs object to Magistrate Judge Barry's Report and Recommendation finding diversity jurisdiction to adjudicate the plaintiffs' claims against the estate of Margaret Legeas, but denying jurisdiction as to claims against the legatees individually.  After reviewing the record de novo, I accept the magistrate judge's recommendation with the following modifications.  Fed. R. Civ. P. 72(b).

**DISCUSSION**

The magistrate judge reviewed plaintiffs' pro se complaint to determine whether this court has subject matter jurisdiction over plaintiffs' claims.[1]  In their complaint, plaintiffs allege

_____

    [1]  The court has a duty to determine subject matter jurisdiction sua sponte.  In re Recticel Foam Corp., 859 F.2d

that they are entitled to the bulk of Margaret Legeas's estate as the promised payment for their services to George and Margaret Legeas. They base their claim on an oral agreement with the Legeases which they allege is evidenced by a will made by Margaret Legeas, dated September 1970. They acknowledge that Margaret Legeas made a subsequent will and codicil that names Jarlath Heneghan as the executor of the estate and excludes plaintiffs from a legacy.[2] For relief, plaintiffs ask that I enforce their agreement with the Legeases, declare that the property of the estate is held by the executor and the legatees in trust for plaintiffs, and order distribution of the estate to them. Plaintiffs are citizens of New Hampshire, and the legatees and executor are alleged to be citizens of other states and countries. The amount in controversy is alleged to be $500,000.

---

1000, 1002 (1st Cir. 1988).

[2] Plaintiffs previously engaged in a protracted and acrimonious will contest with Heneghan. In that action, the jury found that the McInerneys fraudulently destroyed the original of the more recent will, dated in 1979 and offered by Heneghan. The jury returned a general verdict against the McInerneys that was affirmed on appeal. In re Estate of Legeas, 258 Cal. Rptr. 858 (1989), review denied, opinion withdrawn by court order, (1989 Cal. Lexis 3051, Cal. July 27, 1989). The court ordered admission of the 1979 will into probate. Id. at 861.

2

I agree with the magistrate judge's determination that the plaintiffs' complaint invokes diversity jurisdiction to decide plaintiffs' claims against the estate of Margaret Legeas pursuant to 28 U.S.C.A. § 1332(a)(1). As the magistrate judge noted, however, an exception to diversity jurisdiction prevents federal courts from exercising jurisdiction to probate a will or to administer an estate. Markham v. Allen, 326 U.S. 490, 494 (1946); see also Bergeron v. Estate of Loeb, 777 F.2d 792, 795 n.3 (1st Cir. 1985), cert. denied, 475 U.S. 1109 (1986). The prohibition against probate jurisdiction in federal court is a judicially created exception to otherwise valid diversity jurisdiction that has caused considerable confusion as to its source, purpose, and extent. See Dragan v. Miller, 679 F.2d 712, 713 (7th Cir.) ("The probate exception is one of the most mysterious and esoteric branches of the law of federal jurisdiction."), cert. denied, 459 U.S. 1017 (1982).

When sitting in diversity, a federal court is not subject to legislation pertaining to state probate courts and may exercise the same jurisdiction as a state court of general jurisdiction. Sutton v. English, 246 U.S. 199, 205-06 (1918); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 43 (1909); see also Beren v. Ropfogel, 24 F.3d 1226, 1228 (10th Cir. 1994). In

3

general, a federal court has jurisdiction to adjudicate claims against a decedent's estate "so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham, 326 U.S. at 494. Declaration of a claimant's rights to an estate is not within the probate exception to diversity jurisdiction. See, e.g., Michigan Tech Fund v. Century National Bank, 680 F.2d 736 (11th Cir. 1982). The probate exception may be limited further "if a state authorizes interested parties to bring an inter partes action to annul a will or to set aside its probate independent of the probate proceedings and not incidental or ancillary thereto." Moore v. Graybeal, 843 F.2d 706, 709 (3d Cir. 1988). Therefore, a primary consideration is whether under state law, a court of general jurisdiction in the state of the probate proceeding would have authority to resolve the dispute, or whether the matter is cognizable only in the probate court. Beren, 24 F.3d at 1228; see also Giardina v. Fontana, 733 F.2d 1047, 1050-51 (2d Cir. 1984).

Margaret Legeas' will, dated May 29, 1979, and codicil, dated June 6, 1979, were proven and allowed by the Superior Court of California, for the City and County of San Francisco, on July

4

25, 1990. Jarlath Heneghan was appointed executor of the estate. Plaintiffs filed an amended creditor's claim dated April 22, 1993, also in the San Francisco Superior Court.[3] Plaintiffs do not allege that probate of the estate in the California court is complete. Plaintiffs have not alleged that probate proceedings affecting the Legeas estate were undertaken in any state other than California. For purposes of this Order only and without making any related factual findings, I will assume that Margaret Legeas' will is in the process of probate administration in California, and that no ancillary probate administration proceedings have occurred or are pending in other states. Because the administration of an estate generally is controlled by the local law of the state of appointment, I will also assume that California law governs the administration of Margaret Legeas' estate. See Restatement (Second) of Conflict of Laws, § 316 (1971).[4]

Under California law, the superior court, as a court of general jurisdiction, has jurisdiction to resolve third party

---

[3] I make no finding as to the timeliness or validity of plaintiffs' claim.

[4] I make no determination, however, as to a choice-of-law question should it arise in the course of this case.

5

claims adverse to an estate. <u>Estate of Mullins</u>, 255 Cal. Rptr. 430, 432 (Cal. Ct. App. 1988); <u>Estate of Baglione</u>, 53 Cal.Rptr. 139, 142-43 (1966) (broadening jurisdiction of superior court sitting in probate to include some claims adverse to the estate). Plaintiffs' complaint may be construed to request a declaration of their rights under their agreement with the Legeas.[5] Moreover, an action to impose a constructive trust to protect a claimant's right to compensation from the decedent does not interfere with a probate proceeding. <u>Mullins</u>, 255 Cal. Rptr. at 432. Consequently, plaintiffs' claims are outside the provisions of the 1979 will and are adverse to the estate. Thus, I have jurisdiction to both determine plaintiffs' claims against the estate of Margaret Legeas and to impose a constructive trust on the estate's assets.[6]

---

[5] Pro se pleadings ordinarily are held to a less stringent standard although an attorney appearing pro se may not be afforded the same discretion. <u>Rhode Island Hosp. Trust Nat'l. Bank v. Howard Communications Corp.</u>, 980 F.2d 823, 828 n.8 (1st Cir. 1992). Without deciding Timothy McInerney's status for further pleadings, I find the complaint sufficient for jurisdictional determination.

[6] I note that plaintiffs' requested relief does not include a claim against the estate for the value of their services and that they argue in their objection to the Magistrate's Report and Recommendation that their claims are against Heneghan in his capacity as executor "only nominally." Following the less

6

As properly determined by the magistrate judge, this court lacks jurisdiction to exert control over the administration of the estate, the distribution of assets, or the estate property while the California court continues its probate jurisdiction. Giardina, 733 F.2d at 1050-51. During probate administration, the California probate court has subject matter jurisdiction over the property and assets of the probate estate. Estate of Heggstad, 20 Cal.Rptr.2d 433, 438 (Cal. Ct. App. 1993). Therefore, while I have jurisdiction to determine plaintiffs' right to compensation from the estate and to impose a constructive trust in their favor, I lack jurisdiction during the pendency of the probate proceeding in California to control the property of the estate or to order distribution of the assets. Plaintiffs' claims for relief do not defeat subject matter jurisdiction over their underlying claims, however. See Giardina, 733 F.2d at 1051.

The magistrate judge found that plaintiffs failed to state claims against the legatees, including Heneghan, individually and dismissed the complaint as to them. A federal court may dismiss

stringent pleading requirements imposed upon pro se litigants, I will assume that plaintiffs nevertheless intend to maintain suit against the estate.

7

an inadequate claim, _sua sponte_, but only after "notice of the proposed action and affording [the plaintiffs] an opportunity to address the issue." _Literature, Inc. v. Quinn_, 482 F.2d 372, 374 (1st Cir. 1973); _see also Preterm, Inc. v. Dukakis_, 591 F.2d 121, 134 (1st Cir. 1979); _cf. Bristol Energy Corp. v. State of N.H. Public Utilities Comm'n_, 13 F.3d 471, 478 n.8 (1st Cir. 1994) ("an appellate court may dismiss a claim _sua sponte_ on Rule 12(b)(6) grounds when, taking a plaintiff's factual allegations as true, there is a dispositive issue of law."). California law provides for personal liability of individual legatees only in limited circumstances that are not alleged in plaintiffs' complaint. _See Clark v. Kerby_, 6 Cal. Rptr. 2d 440, 443 (Cal. Ct. App. 1992) ("distributees are personally liable for claims of an omitted creditor where: (1) the creditor's identity was known to or reasonably ascertainable by the personal representative within four months of issuance of letters and the claim is not merely conjectural; (2) the creditor did not receive notice of administration, and neither the creditor nor his or her attorney had actual knowledge of administration before the court made its order of final distribution; and (3) the statute of limitations governing the claim had not expired"). Therefore, plaintiffs, in their present amended complaint, have failed to state a claim

8

against the legatees individually, and those claims will be dismissed unless additional facts may be alleged in an amended complaint that would meet the legal standard in <u>Clark v. Kerby</u>. Plaintiffs are allowed 10 days from the date of this Order to file a response.

## CONCLUSION

After consideration of plaintiffs' objection (document no. 6) I approve the Report and Recommendation of the magistrate judge (document no. 4) as modified: jurisdiction exists as to plaintiffs' claim against the estate of Margaret Legeas, represented by the executor, Jarlath Heneghan, although not to impose all of the relief requested, plaintiffs' claims against the legatees individually will be dismissed unless plaintiffs file an amended complaint that meets the appropriate legal standard. Plaintiffs are allowed 10 days to respond to my proposed action to dismiss their claims against the individual legatees.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

January 6, 1995

9

cc:  Margaret P. McInerney, pro se
     Timothy O'D McInerney, pro se