**COATINGS, INC., a Wisconsin corporation, Plaintiff,**

v.

**NATIONAL COLD DRAWN, INC., an Illinois corporation, Defendant.**

**Civ. A. No. 85–C–89.**

United States District Court, E.D. Wisconsin.

July 2, 1985.

David J. Vergeront, Milwaukee, Wis., for plaintiff.

Kenneth R. Nowakowski, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The issue before the Court in this diversity action is the defendant's motion to stay these proceedings pending the final disposition of a related action which is before the Circuit Court of Cook County, Illinois. The motion will be denied.

The plaintiff, Coatings, Inc. ("Coatings") is a Milwaukee steel processor that ordered steel bars according to specifications supplied by its Milwaukee customer, Trace-A-Matic, from the defendant, National Cold Drawn, Inc. ("National"), an Illinois steel broker. National obtained the steel bars from an Illinois supplier, Abcor Steel Company ("Abcor") and delivered them to Coatings, who processed them and delivered them to Trace-A-Matic. Coatings alleges that further processing by Trace-A-Matic disclosed defects in the steel, and Coatings seeks recovery from National for breach of contract.

Abcor filed the Cook County action against National on October 4, 1984, seeking payment for steel bars. National answered the complaint on November 5, 1984, and brought a counterclaim which referred to "the third party receiver of the steel bars" who had filed a claim against National. Since Coatings admits it reviewed a copy of this pleading before the instant action was filed on November 30, 1984, National contends that Coatings knew the identical issues had already been raised in the Cook County action. Coatings contends that it was not aware that the steel bars at issue in the Cook County action included the ones it had received until January 22, 1985, when National filed a third party complaint and amended counterclaim joining Coatings and a Texas purchaser, Oil Well Steel, Inc. ("Oil Well"). National filed a motion to stay this action on January 25, 1985, one week after it was removed from state court. Finally, the Court was notified on March 25, 1985 that Coatings had answered the third party complaint in Cook County and brought a counterclaim on the same grounds alleged herein.

■ The pendency of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, and federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983). The factors to be considered in deciding whether to stay the action include: 1) whether the state court assumed jurisdiction to the exclusion of other tribunals; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the forums obtained jurisdiction; and 5) whether federal law provides the rule of decision. *Id.* at 15, 23.

The first factor, based on whether the state court assumed jurisdiction over property at issue, is inapplicable in this case. The second factor is not helpful, since witnesses and sources of proof are located in both Wisconsin and Illinois, and one party will be inconvenienced no matter what this Court decides. Moreover, the competing forums are not so distant as to make convenience a decisive factor.

■ The third factor weighs in favor of staying one of the actions, because the issues in the two actions are substantially the same, leading to what has been described as "a grand waste of efforts by both courts and parties." *Microsoftware Computer Systems v. Ontel Corporation*, 686 F.2d 531, 538 (7th Cir.1982). It is also true that "since a judgment by either court would ordinarily be res judicata in the other, the existence of such concurrent proceedings creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first." *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 567, 103 S.Ct. 3201, 3214, 77 L.Ed.2d 837 (1983). Nonetheless, these considerations are always present when this question is raised, and the Supreme Court has not retreated from the proposition that a federal court may decline to exercise its jurisdiction because of parallel state court litigation only in

exceptional circumstances. *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). The fact that the two actions are duplicative can hardly be said to be exceptional or this factor would swallow the rule.

■ The fourth factor "is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses* 460 U.S. at 21, 103 S.Ct. at 939. Consequently, the Court will not decide this motion on the basis of whether Coatings was or should have been aware that the Cook County action was based on the same subject matter at the time this action commenced in state court. The parties have not informed the Court how much discovery has been taken in the Cook County action or when further proceedings are scheduled, but it is safe to assume that that action has progressed farther than this one since nothing has been filed herein since National moved for a stay.

■ National also emphasizes that all parties necessary for a complete resolution of this matter are before the Cook County court. Coatings objects that because National joined Oil Well in the Cook County action, the proceedings there are more complex and time consuming, and consequently more burdensome to Coatings because it will be compelled to attend depositions involving the unrelated Texas party. National correctly points out, however, that Coatings will have to protect its interests in the Cook County action regardless of this Court's decision on the motion to stay.

As a practical matter, then, the fourth factor weighs in favor of staying this action because all of the parties are currently before the Cook County court and the resolution of the case turns on whether Abcor supplied defective steel to Coatings, through National. This factor is not entitled to much weight, however, because National could have impleaded Abcor when it

answered the complaint herein. Of course this assumes that Abcor is subject to jurisdiction in Wisconsin, and neither party has addressed this question. Nonetheless, National's tactical decision not to implead Abcor in this action should not be the decisive factor in issuing a stay at National's request.

The fifth factor also is not determinative, because federal law will not provide the rule of decision in either forum. National emphasizes, however, that Coatings has no interest in a federal forum because this action was commenced in Milwaukee County Circuit Court. Coatings does have an interest in a local forum, however, and National's decision to remove the action to federal court does not affect the general presumption in favor of a plaintiff's choice of forum.

Under the factors discussed, the question presented is a close one. Although Coatings has requested the Court to take judicial notice of the overall reputation of the Cook County court system, no evidence has been presented which would suggest that the parallel state court action will not be an adequate vehicle for the complete resolution of the issues between the parties. On the other hand, National has not provided this Court with any indication as to when the issues will be tried in Cook County. In the final analysis however, the decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses* at 16, 103 S.Ct. at 937. National has failed to demonstrate that these issues will be promptly decided in the parallel state action, and consequently has failed to carry its heavy burden in support of a stay.

IT IS THEREFORE ORDERED that the defendant's motion for a stay of proceedings is denied.

IT IS FURTHER ORDERED that a scheduling conference telephone call will be placed by the court at 9:15 a.m. on Thursday, August 8, 1985.