**Brian CHESHIRE**

v.

**Richard FENNELL.**

Civ. No. H–85–731 (JAC).

United States District Court,
D. Connecticut.

Jan. 22, 1986.

**358**

Paul E. Farren, Jr., New Haven, Conn., for plaintiff.

John A. Danaher, III, Hartford, Conn., for defendant.

## RULING ON MOTION TO STAY

JOSÉ A. CABRANES, District Judge:

The defendant has moved the court to stay this action pending the resolution of an action in state court arising out of the same motor vehicle collision. The defendant contends that the instant action "involve[s] essentially the same issues that either are before the state court, or which could be pleaded in the state court action." Memorandum in Support of Motion to Stay (filed Sept. 3, 1985) ("Defendant's Memorandum") at 1.

■ It is clear that a federal district court does not lose jurisdiction over an action merely because a similar action is already pending in state court. The Supreme Court has held that, when parallel *in personam* actions are pending in federal and state courts,

[e]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction[.]

*Kline v. Burke Construction Company,* 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). However, the court may in appropriate circumstances exercise its discretionary power to stay its own proceedings in order to "avoid[ ] wasteful duplication of judicial resources." *Giulini v. Blessing,* 654 F.2d 189, 193 (2d Cir.1981).

■ The court holds for the following reasons that no such deference is appropriate in the instant circumstances.

First, this action is not strictly "parallel" to the action pending in state court. For example, the plaintiff in the state action was a passenger in a vehicle driven by the plaintiff in this action; the state plaintiff is not a party to the federal litigation. The defendants in the state action include not only the plaintiff and the defendant in this action but also a third individual who is not a party to these proceedings.

Furthermore, the defendant can offer no assurance that the state action will be concluded before the action pending in this court. Indeed, given the length of this court's trial list and the defendant's representations that much of the discovery necessary for both lawsuits has already been completed, *see* Defendant's Memorandum at 5–6, this action is likely to come to trial within six to nine months. Of course, an

earlier decision by the state court would be given appropriate *res judicata* effect by this court; the state court presumably would accord similar effect to a decision of this court.

Finally, as the Supreme Court has recognized, diversity jurisdiction was established "not ... for the benefit of the federal courts or to serve their convenience [but] ... to afford to suitors an opportunity in such cases, at their option, to assert their right in the federal rather in the state courts." *Meredith v. City of Winter Haven*, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943). The defendant has not demonstrated sufficient cause in the instant action to deprive the plaintiff of his choice of a federal forum.

Accordingly, the defendant's motion to stay is denied.

It is so ordered.