### SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

#### v.

### AMERICAN COASTAL INDUSTRIES, INC. a/k/a C & S Transit Corporation.

#### Civ. A. No. 87–5947.

United States District Court, E.D. Pennsylvania.

Jan. 27, 1988.

Judah I. Labovitz, Roslyn G. Pollack, Howard Spierer, Cohen Shapiro Polisher Shiekman & Cohen, Philadelphia, Pa., for Southeastern Pennsylvania Transp. Authority.

Mary Ellen O'Laughlin, Denis James Lawler, Rubin Quinn & Moss, Philadelphia, Pa., for American Coastal Industries, a/k/a C & S Transit Corp.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

In accordance with Court Rule 8(4) of the Rules of the United States Court of Appeals for the Third Circuit, the trial court files the following opinion.

This court denied a motion of defendant American Coastal Industries, Inc. ("ACI") to stay this action pending conclusion of state court litigation between the parties. Both this federal action and actions in state court derive from a contract for rehabilitation of commuter railway cars. There was subject matter jurisdiction over the federal action under 28 U.S.C. § 1332.

Plaintiff Southeastern Pennsylvania Transportation Authority ("SEPTA") contracted with defendant to refurbish certain of plaintiff's railway cars. Insurance Company of North America ("INA") issued a performance bond to secure ACI's performance of the contract. On August 10, 1987, ACI sued SEPTA in the Court of Common Pleas of Philadelphia County (August Term, 1987, No. 1549); ACI alleged breach of contract, breach of settlement agreement, and, in the alternative, voidness of the contract for lack of mutuality of obligation. On September 25, 1987, SEPTA filed this action; SEPTA alleged breach of contract. On October 2, 1987, SEPTA sued INA in the Court of Common Pleas, Philadelphia County (October Term, 1987, No. _____), for payment on its performance bond because of ACI's alleged breach. On October 21, 1987, ACI filed a motion for stay of the federal action.

ACI asserted four reasons supporting a stay: (1) SEPTA's complaint against INA in state court was virtually identical to this complaint against ACI; (2) this court could not dispose of SEPTA's claims against INA because joinder of INA as a party defendant would eliminate complete diversity of citizenship of the opposing parties and destroy federal jurisdiction; (3) ACI's state court action against SEPTA involved the same parties, contract, and issues; and (4) SEPTA could not have removed ACI's state action to this court. It was undisputed that SEPTA could have asserted its breach of contract claim against ACI as a counterclaim in the state court action. Pa.R.Civ.P. 1031 ("defendant *may* set forth ... any cause of action heretofore asserted in assumpsit or trespass which he has against plaintiff at the time of filing the answer") (emphasis added). It was also undisputed that this court has jurisdiction of this action and venue properly lies here. In essence, ACI alleged that the federal action is reactive litigation designed to circumvent removal limitations.

 Except in rare circumstances, federal courts have an "unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). ACI bears the burden of showing that "there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice ... to justify the *surrender* of [federal] jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 25–26, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983). *See also Harris v. Pernsley,* 755 F.2d 338, 345–46 (3d Cir. 1985) (federal court stay because of parallel state litigation is warranted only upon the clearest of justifications).

 The decision to stay an action because of parallel state litigation is not grounded in concepts of federalism or comity; rather it depends on "consideration of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)). The Supreme Court has identified the following factors as relevant to a decision to stay: (1) court first exercising jurisdiction; (2) inconvenience of federal forum; (3) desirability of avoiding piecemeal litigation; and (4) rule of decision on merits. *Colorado River,* 424 U.S. at 817–20, 96 S.Ct. at 1246–48; *Moses H. Cone,* 460 U.S. at 15–26, 103 S.Ct. at 936–42; *Harris,* 755 F.2d at 345–46. The weight given each factor depends on the particular facts of each case.

*Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. The federal court must carefully balance the factors as they apply to the facts before the court, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*

■ Although the state court first exercised jurisdiction over the contract dispute between SEPTA and ACI, the state court action commenced only six weeks before the federal action. There had not been a substantial allocation of state judicial resources prior to the filing of the federal action. At the time oral argument was held on the motion for stay, the only activity in the state action had been the filing of preliminary objections; document discovery had already begun in the federal action.

The state and federal claims are both pending in Philadelphia, so the federal forum is no less convenient for ACI. Pennsylvania contract law will be the rule of decision in this diversity action. A federal court is as competent in applying the settled law of the state in which it sits as the courts of that state. *See Heritage Farms, Inc. v. Solebury Township*, 671 F.2d 743, 747 (3d Cir.1982).

Pennsylvania's non-compulsory counterclaim rule demonstrates tolerance under Pennsylvania law for unconsolidated litigation. SEPTA could have pursued its claims against ACI in an independent state action, so SEPTA's action in federal court does not offend any Pennsylvania policy to avoid piecemeal litigation. This court will determine the action pending before it subject to 28 U.S.C. § 1738 and principles of *res judicata* and collateral estoppel also applicable in the state action.

The court believed the public interest in expeditious resolution of this dispute weighed against staying this action. SEPTA is a publicly financed organization; this litigation involves a substantial amount of money. Presently, the median time for disposition of actions in the Court of Common Pleas of Philadelphia County is four years. The schedule established in this court's Order of December 16, 1987 contemplated trial of this action by June, 1988, which is less than a year from the filing of the action.

ACI correctly argued that SEPTA cannot join INA as a defendant in the federal action; SEPTA, ACI, and INA could be joined in a single state court action. A decision by this court in favor of SEPTA will not be preclusive against INA because INA is not a party to this action. Nevertheless, realities of litigation suggest that a prompt resolution by this court of the dispute between SEPTA and ACI would increase the possibility of non-litigated resolution of the dispute between SEPTA and INA. Having considered all of the relevant factors, the court found that ACI had not met its burden of justifying a stay.

ACI complained that denying a stay allows SEPTA effectively to remove an action not otherwise removable. A civil action in which there would be jurisdiction by reason of the diversity of citizenship of the parties cannot be removed from state court where the defendant, SEPTA, is a citizen of Pennsylvania, the state in which the action was brought. 28 U.S.C. § 1441(b). ACI elected to have a state court decide its claims; SEPTA was unable to remove that state action or deny ACI its chosen forum. SEPTA has exercised its right to have its claims against ACI decided by a federal court; this choice has not *per se* denied ACI its chosen forum. Depending which action is resolved first, principles of preclusion will deny one party the opportunity to have the merits of its claim decided in its chosen forum. The parties, by deciding to pursue parallel actions, must accept the risk of preclusion. Either party could consolidate the actions by dismissing the action in which it is plaintiff and filing a counterclaim in the other action.

ACI argued that SEPTA's federal action is reactive litigation designed to defeat ACI's choice of a state forum. This argument cuts two ways; ACI's action may have been preemptive litigation to deny SEPTA a federal forum. The court would not reward a "race to the courthouse." There was no reason for this court to force SEPTA to proceed in ACI's forum because ACI won such a race. By denying the

motion to stay, each party proceeds in its chosen forum subject to the risk of preclusion. While there is the possibility, if not the likelihood, of duplication of effort or inefficient use of judicial resources, that is an inevitable consequence of parallel federal and state judicial systems and may be a necessary price we pay for the benefits of "our federalism."