Theresa **DOBZENIECKI,** individually and as Executrix of the Estate of Stanley S. Dobzeniecki, deceased, Plaintiff,

v.

**STONE & WEBSTER ENGINEERING CORPORATION and Reactor Controls, Inc., Defendant/Third–Party Plaintiff,**

v.

**ASSOCIATED UNIVERSITIES, INC., Third–Party Defendant.**

No. CV 88–2990.

United States District Court, E.D. New York.

July 10, 1989.

Kreindler & Kreindler by Donald D. Goldberg, New York City, for plaintiff.

Mudge, Rose, Guthrie, Alexander & Ferdon by Barbara E. Taylor, New York City, for defendant Stone & Webster.

Thurm & Heller by Anthony Heller, New York City, for defendant/third-party plaintiff Reactor Controls, Inc.

Semel, Boeckmann, Diamond, Schepp & Yuhas by Michael Schuster, New York City, for third-party defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff, Theresa Dobzeniecki, widow of the decedent, Stanley Dobzeniecki, commenced this diversity action for wrongful death against defendants Stone & Webster and Reactor Controls, Incorporated based on theories of negligence, strict products liability and breach of warranty. Defendant Stone & Webster subsequently impleaded Associated Universities, Inc. as a third party defendant.

Presently before the Court is the motion of Reactor Controls, Inc. ("RCI"), joined in by Stone & Webster Engineering Corp. ("Stone & Webster"), and the cross-motion of third party defendant, Associated Universities, Inc., (collectively "Defendants") to dismiss or stay plaintiff's action under the abstention doctrine set forth in *Colorado River Water Conservation v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (hereinafter *"Colorado River"*). For the reasons that follow, defendants' motions to dismiss or stay the action based on the *Colorado River* doctrine of abstention is denied.

## I. BACKGROUND

Prior to his death Stanley Dobzeniecki was a steamfitter employed by Brookhaven National Laboratories, a government research facility operated under contract by Associated Universities, Inc. According to the complaint, on October 10, 1986, a steam and condensate system designed by defendant Stone & Webster and constructed by defendant RCI failed, causing the immediate release of live steam into the work area. The decedent suffered serious burns and other serious injuries that allegedly resulted in his death on October 29, 1986.

Defendants seek an order dismissing or staying this action, based on the existence of two state court actions arising out of the same occurrence, but brought on behalf of other victims. The pending state court actions are captioned *Alfieri et ano v. Stone & Webster Engineering Corp. and Reactor Controls, Inc., ("Alfieri")* and *Schlendorf v. Stone & Webber and Reactor Controls, Inc., ("Schlendorf")*. Both *Alfieri* and *Schlendorf* are venued in the Supreme Court of the State of New York, County of Suffolk. *Alfieri* asserts causes of action stemming from the death of William Peterson based on negligence and violations of the New York State Labor Law. *Schlendorf* likewise asserts causes of action for negligence and violations of the Labor Law and seeks damages for personal injuries sustained by Schlendorf. *Alfieri* and *Schlendorf* have not been consolidated in the state system.

The question presently before the Court is whether this Court should surrender jur-

isdiction under the *Colorado River* "extraordinary circumstances" analysis and require plaintiff to pursue her claims in the Courts of the State of New York.

## II. DISCUSSION

### A. *Abstention Generally*

Prior to the Supreme Court's decision in *Colorado River*, federal courts recognized three "extraordinary and narrow exceptions to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 185, 188–189, 79 S.Ct. 1060, 1062–1063, 3 L.Ed.2d 1163 (1950)). These abstention doctrines are based on concerns of state-federal comity or avoidance of constitutional decisions and are embodied in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1943) (abstention based on ability of state courts determination of state law to moot a federal constitutional issue); *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (abstention based on presence of difficult state law issues involving important public policy concerns); and *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (abstention based on use of federal jurisdiction to restrain state criminal proceedings). Absent these special and narrow circumstances the federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, even if an action concerning the same matter is pending in state court. *Colorado River*, 424 U.S. at 817–18, 96 S.Ct. at 1246–47.

### B. *Colorado River Abstention*

In *Colorado River*, the Supreme Court recognized an even narrower form of abstention than those referred to above, based on "considerations of wise judicial administration," and conservation of resources. *Id.* at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Five Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). *See also Telesco v. Telesco Fuel and Mason's Materials Inc.*, 765 F.2d 356, 360–63 (2d Cir. 1985). This non-traditional abstention doctrine, known either as the exceptional circumstances, or simply the *Colorado River* doctrine, is essentially "a prudential one". *Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 602 (2d Cir.1988). Because it is a rule of prudence, "[t]he circumstances permitting a dismissal are ... considerably more limited than the circumstances appropriate for abstention." *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246.

To invoke the *Colorado River* exceptional circumstances doctrine, the state court actions upon which the defendant relies must involve the same parties and causes of action as the federal action sought to be stayed. It is not sufficient that the parties be similarly situated, for "[s]imilarity of parties is not the same as identity of parties." *Alliance of American Insurers*, 854 F.2d at 603. Furthermore, "some overlap of subject matter" is not enough to make the actions identical. *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d Cir.1986). Moreover, dissimilarity of parties and issues weigh strongly against invoking abstention. *Alliance of American Insurers*, 854 F.2d at 603; *see also Connecticut Fund for the Environment, Inc. v. Upjohn Co.*, 660 F.Supp. 1397, 1406 (D.Conn.1987).

In *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) the Supreme Court reaffirmed and clarified the *Colorado River* exceptional circumstances test. There, the Court enumerated six factors a district court must weigh in determining whether to abstain. Specifically, the District Court is to consider: (1) whether a court has assumed jurisdiction over any res or property; (2) any inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained, with emphasis on the progress of the two actions; (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*Moses H. Cone*, 460 U.S. at 15, 21, 23, 26, 103 S.Ct. at 936, 939, 941, 942; *Alliance of American Insurers v. Cuomo*, 854 F.2d at 602–603; *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir.1986).

The Supreme Court has cautioned that a district court's determination to defer to a state court action "does not rest on a mechanical checklist, but on careful balancing of the important factors as they apply in a given case, with the balance heavily weighed in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. In addition, the district court cannot ignore those factors which weigh in favor of jurisdiction or those which are neutral and fail to shift the weighted balance. *See, e.g., Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d at 328 ("failure to consider factors weighing against dismissal had the result of turning the presumption in favor of exercising jurisdiction on its head"). Accordingly, the Second Circuit has recognized that the *Colorado River* abstention doctrine is clearly "the exception, not the rule." *Giardina v. Fontana*, 733 F.2d 1047, 1052 (2d Cir.1984). As an evaluation of the *Colorado River/Moses H. Cone* factors will demonstrate, this case is the rule, not the exception.

#### C. *The Pending Motion*

At the outset, the Court notes that several factors weigh against a finding that this action is parallel to the pending state court actions. First, plaintiff Dobzeniecki is not a party to either of the two state court actions. In addition, while there is some overlap in the negligence causes of actions, the state actions do not assert claims of strict products liability or breach of warranty, as does the instant case. Interestingly, the two state actions have not been consolidated.

Arguing that *Colorado River* abstention does not necessarily require that the parties be identical, defendants analogize this case to *Arkwright–Boston Mfrs. Mutual Ins. Co. v. City of New York*, 762 F.2d 205 (2d Cir.1985), where abstention was invoked despite the dissimilarity of the plaintiffs. That case, however, is easily distinguishable. In *Arkwright* not only were over forty state cases arising out of a power failure involved, but significant local interests were at stake. Thus, when holding that abstention was warranted, the court balanced the dissimilarity of the parties against the potential for piecemeal litigation. *Arkwright*, 762 F.2d at 211. Here, there is no such threat of piecemeal litigation involving hundreds of potential claims. In fact, all of the parties necessary for the resolution of this issue are presently before the Courts. Moreover, as explained more fully below, no significant local interests, nor important local laws, factors critical to the outcome in *Arkwright*, are at issue here.

Even assuming that the pending actions can be characterized as parallel, a review of the *Moses H. Cone* factors discussed above reveals that abstention is not warranted. Initially, the Court notes that there is no property or res involved in this action that could be subject to inconsistent adjudications. Thus, this case falls in sharp contrast to *Colorado River* where the adjudication of water rights in a particular district was at issue and the possibility of inconsistent dispositions of this scarce commodity justified the district court's decision to abstain. *Colorado River*, 424 U.S. at 819–820, 96 S.Ct. at 1247–1248. Because this is a neutral factor, the balance remains weighted in favor of exercising jurisdiction.

When considering the factor of forum inconvenience the question is not the convenience of the state forum, but the inconvenience of the federal forum. *See Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246 (federal court was 300 miles from site of district where disputed waters were located). Here, both courts are located in the County of Suffolk, New York where the accident occurred and where relevant eyewitnesses and evidence are located. Since this Court is not an inconvenient forum, the second factor also weighs in favor of this Court's exercise of jurisdiction.

The factor of progress of litigation also favors retention of this matter in federal court. In evaluating this factor priority is placed on how much progress has been made in the respective actions. *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 939. Where, as here, both actions have not progressed beyond the noticing of discovery demands, this factor is insignificant except to continue the weighted balance in favor of maintaining jurisdiction. *Zemsky v. City of New York,* 821 F.2d 148, 153 (2d Cir.1987); *Bethlehem Contracting Co. v. Lehrer/McGovern Inc.,* 800 F.2d at 328.

The next factor, whether federal or state law provides the rule of decision, has influence when substantive federal law is involved or where there exists a novel and difficult state law question. *Moses H. Cone,* 460 U.S. at 26, 103 S.Ct. at 942; *Bethlehem Contracting Co. v. Lehrer/McGovern Inc., supra,* 800 F.2d at 328; *Giardina v. Fontana,* 733 F.2d at 1053. Here, plaintiff's strict products liability, breach of warranty, and negligence claims present no novel or unique issues of state law. Thus, the fact that this action will be determined by settled principles of New York law fails to shift the balance in favor of abstention.

Consideration of the adequacy of the state court proceeding has influence only when it weighs in favor of federal jurisdiction, such as when the state court proceeding is inadequate. *Zemsky v. City of New York,* 821 F.2d at 153. Here, there is no reason to doubt the adequacy of either the federal or state forum to adjudicate this issue. Thus, the fifth factor is a neutral one which counsels against a surrender of jurisdiction.

Finally, the avoidance of piecemeal litigation is of little weight in shifting the presumption against abstention. Since each of the plaintiffs have raised different claims, abstention, whether accomplished through a stay or a dismissal, will not resolve all claims in one litigation. Thus, piecemeal litigation of the single issue of negligence might be required.

Although defendants assert that without the invocation of abstention, they will be subject to an offensive use of collateral estoppel, the Court is not persuaded that consideration of this factor warrants abstention. Since *Colorado River* and *Moses H. Cone,* this concern has not weighed heavily in district court's determinations of whether to· abstain. *See, e.g., Cira v. Southeastern Pennsylvania Transportation Authority, [SEPTA],* 1989 WL 26284, 1989 U.S.Dist. LEXIS 2728 (E.D.Pa. March 22, 1989) (hereinafter *"Cira v. SEPTA"*); *SEPTA v. American Coastal Ind.,* 682 F.Supp. 285, 287 (E.D.Pa.1988); *Cheshire v. Fennell,* 626 F.Supp. 357, 359 (D.Conn. 1986); *Coatings Inc. v. National Cold Drawn, Inc.,* 611 F.Supp. 958, 960 (E.D. Wis.1985). Finally, even if the first judgment will have some preclusive effect on a pending case, "[o]ur Federal system tolerates such use of judicial resources. The abstention doctrine is not meant to eliminate all instances of dual litigation. If Federal courts were to abstain in all similar circumstances, the exception of abstention would quickly become the rule...." *Cira v. SEPTA,* 1989 WL 26284, 1989 U.S.Dist. LEXIS 2728 (E.D.Pa. March 22, 1989).

## CONCLUSION

On the facts present here, there is not one *Colorado River/Moses H. Cone* factor that warrants the entry of an order relinquishing federal jurisdiction. Since defendants have not met the burden of establishing "the clearest of justifications [to] warrant dismissal," *Colorado River,* 424 U.S. at 819, 96 S.Ct. at 1247, the motion to stay or dismiss is denied.

Defendants have requested that this Court provide for consolidation of pretrial discovery proceedings among this action and the pending state court actions. Although the parties may agree, on their own, to coordinate the pretrial proceedings in all three cases, the Court is unaware of any law or rule of procedure enabling it to "consolidate" pretrial proceedings in this case with the proceedings that are subject to the jurisdiction of the courts of the State of New York. Accordingly, to the extent

that defendants seek such relief, that request is denied.

SO ORDERED.